JOHN J. GUION and another *v.* ROBERT FORD.

In an action by the plaintiffs, as assignees of a prison-bounds bond, against the surety, parol evidence is admissible to prove a variance between the names of the assignees on the bond and those of the plaintiffs, to be but a clerical error.

APPEAL from the District Court of Madison, *Willson, J.*

*Stockton,* and *Steele,* for the appellants.

*F. H. Farrar,* and *Bemiss,* for the defendant.

MARTIN, J.    This is an action upon a prison-bounds bond. The defendant pleaded the general issue.    The plaintiffs introduced the bond given to the Sheriff of the Parish of Carroll, who had arrested Rusk, the principal therein, on a *ca. sa.,* issued on a judgment obtained by Guion & Prentiss, on the back of which is an assignment to "John J. Guion and Samuel S. Prentiss," (Guion & Prentiss.)    It is admitted that Rusk was killed out of the Parish of Carroll.    There was a verdict and judgment in favor of the defendant and the plaintiffs have appealed.

Our attention has been drawn to several bills of exceptions. The first, is to the opinion of the court rejecting the evidence of Stockton, who, deposed that he brought the original suit against Rusk, on which the *ca. sa.* was issued; that the plaintiffs in that suit, were really the same persons as those in the present; that, in the original suit, the christian name of Prentiss was, by mistake, stated in the petition, to be Samuel S. instead of Sargeant S.    The second bill, is to the rejection of the assignment of the prison-bounds bond to the plaintiffs, on the ground of the same misnomer.    The last bill relates to the Judge's charge, which stated that, in order to be enabled to find for the plaintiff, the jury must be convinced that, in the original suit, judgment had been rendered in favor of Sargeant S. Prentiss and John J. Guion, by those names and designations; that, an execution, or *ca. sa.,* had issued on said judgment; that, on that execution, the defendant, Rusk, had been taken in execution; and that, the said Rusk and Ford gave the bond sued on.    The plaintiffs' counsel, requested the court to withdraw that charge, and to charge the jury, that if they believed the plaintiffs in the original suit and the present to be the same persons, and that the other material allegations of the

plaintiffs' petition have been proved, they must find for them. This, the court refused.

The counsel for the appellants contends, that the assignment was made to Samuel S. Prentiss and John J. Guion; that this was a clerical error, as appears from the original suit against Rusk, which was brought under the names of Samuel S. Prentiss and John J. Guion, who were in partnership, under the firm of Guion & Prentiss; that Rusk did not avail himself of this error; that the judgment on which he was arrested, was against him, and that the prison-bounds bond was given in a case in which Guion & Prentiss were plaintiffs.    If the assignment had been made to Guion & Prentiss, it would have been perfectly correct.    It is true, it is made to Samuel S. Prentiss and John J. Guion, but immediately after these names, the Sheriff takes care to insert between a parenthesis "Guion & Prentiss," which is the firm under which the plaintiffs carried on their affairs.    These circumstances, it is urged, authorize parol evidence to show that the word *Samuel* was inserted through error, instead of that of *Sargeant*, there being but two partners in the firm, and neither being named *Samuel*.   The surety may avail himself of all the pleas which his principal might resort to.    Rusk being arrested on a *ca. sa.*, issued on a judgment obtained by Samuel S. Prentiss and John J. Guion, could not be relieved, because his plea had admitted his liability, or it had been found by a contradictory judgment.

It appears to us that the court erred.

The evidence of Stockton ought to have gone to the jury; but, as the plaintiff contends, that the same error occurs in all the proceedings of the original suit, we have thought it best, notwithstanding the evidence excepted to is incorporated in the bill of exceptions, as the defendant has prayed for a trial by jury, to remand the case; for his counsel, contends that the assignment could not have been made, otherwise than it is.    The Sheriff on arresting the defendant took his bond, in which the judgment is stated to have been obtained by Guion & Prentiss.    This was perfectly correct, and if the assignment had been made to Guion & Prentiss, it would have been equally so.    But the Sheriff thought, that it was his duty to assign the bond to the plaintiffs under the names in which they had instituted the suit, prosecuted it to judg-

ment, and were attempting to execute it.  He did not think he had any authority to inquire whether there had been any error in the proceedings before the District Court, or in the execution in his hands.  It has not appeared to us necessary to act upon the bill of exceptions to the charge to the jury.

It is, therefore, ordered, that the judgment be annulled, and the case remanded, with directions to the Judge to admit parol evidence of the misnomer, and to admit the assignment to go to the jury ; the defendant paying the costs of the appeal.